1

2

3

4

5

6

7

8

9

10             UNITED STATES DISTRICT COURT

11               EASTERN DISTRICT OF CALIFORNIA

12

JOSEPH EDWARD BARAJAS,            )      1:07-CV-00124 AWI NEW (DLB) HC
13                                )
                 Petitioner,      )
14                                )      FINDINGS AND RECOMMENDATION
       v.                         )      REGARDING RESPONDENT'S MOTION
15                                )      TO DISMISS
                                  )
16   R. J. SUBIA, Warden,         )      [Doc. #15]
                                  )
17                 Respondent.    )
                                  )
18   _____)

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.

21                              **BACKGROUND**[1]

22          Petitioner is currently in the custody of the California Department of Corrections pursuant

23   to a judgment of the Superior Court of California, County of Fresno, following his conviction by jury

24   trial on September 14, 2001, of first degree residential burglary in violation of Cal. Penal Code

25   §§ 459/460(a). Petitioner admitted the truth of the prior burglary convictions before the court. On

26   November 29, 2001, Petitioner was sentenced to serve an indeterminate term of 40 years to life in

27

28          _____

            [1]This information is derived from the petition, Respondent's motion to dismiss, and Petitioner's opposition.

1  state prison.

2      Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District

3  (hereinafter "5th DCA"). On August 27, 2002, the 5th DCA affirmed the judgment. See Lodged Doc.

4  No. 4.[2] On October 1, 2002, Petitioner filed a petition for review in the California Supreme Court.

5  See Lodged Doc. No. 5. The California Supreme Court summarily denied the petition on

6  November 13, 2002. Id.

7      Petitioner then filed three post-conviction collateral challenges with respect to the judgment

8  in the state courts, all petitions for writ of habeas corpus, as follows:

9      1.   Fresno County Superior Court
             Filed: December 22, 2004;
10           Denied: January 6, 2005;

11     2.   California Court of Appeals, Fifth Appellate District
             Filed: February 2, 2005;
12           Denied: February 10, 2005;

13     3.   California Supreme Court
             Filed: March 1, 2005;
14           Denied: January 18, 2006.

15  See Lodged Docs. Nos. 6-8.

16      On January 22, 2007, Petitioner filed the instant federal petition for writ of habeas corpus in

17  this Court. On May 30, 2007, Respondent filed a motion to dismiss the petition as being filed outside

18  the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition

19  to Respondent's motion to dismiss on June 25, 2007.

20                                **DISCUSSION**

21  A.  Procedural Grounds for Motion to Dismiss

22      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

23  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

24  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

25      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

26  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

27

28      _____

            [2]"Lodged Document" refers to the documents lodged by Respondent in support of his motion to dismiss.

U.S. District Court
E. D. California          cd                          2

1  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

2  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

3  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

4  state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

5  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

6  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

7       In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

8  one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural

9  standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default

10  and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

11  dismiss pursuant to its authority under Rule 4.

12  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

13       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

14  1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

15  habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

16  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.

17  586 (1997).

18       In this case, the petition was filed on January 22, 2007, and therefore, it is subject to the

19  provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

20  seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

21  § 2244, subdivision (d) reads:

22
23   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

24   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
25

26   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
27

28   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

1  retroactively applicable to cases on collateral review; or

2      (D) the date on which the factual predicate of the claim or claims presented
3  could have been discovered through the exercise of due diligence.

4      (2) The time during which a properly filed application for State post-conviction or
   other collateral review with respect to the pertinent judgment or claim is pending shall
5  not be counted toward any period of limitation under this subsection.

6  28 U.S.C. § 2244(d).

7      In most cases, the limitations period begins running on the date that the petitioner's direct

8  review became final.  In this case, the petition for review was denied by the California Supreme

9  Court on November 13, 2002. Thus, direct review concluded on February 11, 2003, when the ninety

10 (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle,

11 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox,

12 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would have one year from February 12, 2003, absent

13 applicable tolling, in which to file his federal petition for writ of habeas corpus.  However, Petitioner

14 delayed filing the instant petition until January 22, 2007, almost three years beyond the due date.

15 Absent any applicable tolling, the instant petition is barred by the statute of limitations.

16 C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

17     Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

18 for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

19 pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

20 Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

21 properly pursuing post-conviction relief, and the period is tolled during the intervals between one

22 state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

23 state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

24 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year

25 statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

26 petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

27 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by

28 the federal courts to have been untimely in state court will not satisfy the requirements for statutory

1  tolling. Id.

2      As stated above, the statute of limitations began to run on Ferbuary 12, 2003, and expired on

3  February 12, 2004. Petitioner did not file his first state habeas petition until December 22, 2004. At

4  that point, the limitations period had expired some ten months before. Because the limitations period

5  had already expired, the collateral challenge, as well as the two subsequent petitions, had no tolling

6  consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to

7  tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256

8  (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

9  D.  Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(1)(D)

10      Petitioner seeks to invoke the statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(D).

11  Title 28 U.S.C. § 2244(d)(1)(D) states that the limitation period shall run from "the date on which

12  the factual predicate of the claim or claims presented could have been discovered through the

13  exercise of due diligence."  The objective standard in determining when time begins to run under

14  Section 2241(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the

15  important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254

16  F.3d 1150 (9th Cir.2001), quoting, Owens v. Boyd, 235 F.3d 356, 359 (7th Cir.2000).  Petitioner

17  claims in his opposition to Respondent's motion that the factual predicate for the claim presented did

18  not become known until January 27, 2004. Petitioner makes no showing why the claim did not

19  become known to him until this date. Moreover, the petition raises only one ground for relief -

20  ineffective assistance on the part of his trial counsel - and after reviewing the petition, the Court can

21  find no reason why this claim could not have been raised before January 27, 2004. As stated above,

22  the statute of limitations runs from the time the facts were known or could have been discovered, not

23  from the time Petitioner discovered their legal significance.  Thus, Petitioner is not entitled to tolling

24  under 28 U.S.C. § 2241(d)(1)(D).

25  E.  Equitable Tolling

26      The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

27  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

28  way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

1   *Affairs*, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

2   *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S.

3   814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544

4   U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

5   (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

6                                                **RECOMMENDATION**

7           Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

8   GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to

9   comply with 28 U.S.C. § 2244(d)'s one year limitation period.

10          This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

11  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

12  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

13  California.

14          Within thirty (30) days after being served with a copy of this Findings and Recommendation,

15  any party may file written objections with the Court and serve a copy on all parties.  Such a

16  document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

17  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if

18  served by mail) after service of the Objections.  The Finding and Recommendation will then be

19  submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §

20  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may

21  waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

22  1991).

23          IT IS SO ORDERED.

24      **Dated:   August 27, 2007               _____/s/ Dennis L. Beck_____**
                                                 UNITED STATES MAGISTRATE JUDGE

25

26

27

28