1

2

3

4

5

6

7

8

9

10        UNITED STATES DISTRICT COURT

11            EASTERN DISTRICT OF CALIFORNIA

12

JOSEPH EDWARD BARAJAS,              )     1:07-CV-00124 AWI NEW (DLB) HC
13                                          )
                    Petitioner,             )     ORDER ADOPTING FINDINGS AND
14                                          )     RECOMMENDATION
                                            )     [Doc. #20]
15        v.                                )
                                            )     ORDER DISMISSING PETITION FOR WRIT
16                                          )     OF HABEAS CORPUS
R. J. SUBIA, Warden,                        )     [Doc. #1]
17                                          )
                    Respondent.             )     ORDER DIRECTING CLERK OF COURT
18    _____      )     TO ENTER JUDGMENT

19

          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
20
pursuant to 28 U.S.C. § 2254.
21
          On August 28, 2007, the Magistrate Judge issued Findings and Recommendation that
22
recommended Respondent's motion to dismiss the petition be GRANTED and the petition be
23
DISMISSED with prejudice for violating the one-year statute of limitations.  The Magistrate Judge
24
further recommended that the Clerk of Court be DIRECTED to enter judgment.  The Findings and
25
Recommendation was served on all parties and contained notice that any objections were to be filed
26
within thirty (30) days of the date of service of the order.
27
          On September 13, 2007, Petitioner timely filed objections to the Findings and
28

1  Recommendation. Petitioner contends his petition is timely because he qualifies for statutory and

2  equitable tolling. First, Petitioner argues the limitations period should not commence until

3  January 27, 2004, which was the date he first discovered the factual predicate for his claims pursuant

4  to 28 U.S.C. § 2241(d)(1)(D). However as correctly discussed by the Magistrate Judge, the objective

5  standard in determining when time begins to run under § 2241(d)(1)(D) is "when the prisoner knows

6  (or through diligence could discover) the important facts, not when the prisoner recognizes their

7  legal significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir.2001), *quoting*, Owens v. Boyd, 235

8  F.3d 356, 359 (7th Cir.2000). In this case, Petitioner knew the predicate facts well before January 27,

9  2004. In fact, as demonstrated by the letter he submits from his state appellate counsel, he knew the

10 predicate facts even before the direct appeal. In his objections, Petitioner alleges he advised his

11 appellate counsel that he desired to raise the claim he now raises on direct appeal, but counsel

12 advised him that these "other issues you wrote about cannot be raised on appeal." See Exhibit A,

13 Objections. Accordingly, the Magistrate Judge correctly found the statute of limitations commenced

14 on February 12, 2003, following the conclusion of direct review.

15      Petitioner further alleges he should be granted statutory and/or equitable tolling from the time

16 he first attempted to file his state petition on February 9, 2004. Nevertheless, even if the Court were

17 to grant tolling from this date until the final state petition was denied, the instant petition would

18 remain untimely. As of February 9, 2004, 362 days of the one-year limitations period had expired.

19 Provided Petitioner is given tolling from this date until 90 days after the petition for review was

20 denied by the California Supreme Court, to wit, April 18, 2006, Petitioner had 3 days remaining in

21 the limitations period. Therefore, the limitations period would expire on April 21, 2006, which is

22 nine months before he filed the instant petition. Thus, the instant petition is still untimely.

23      Petitioner also alleges he should be given equitable tolling because his appellate counsel told

24 him to wait until after his direct review became final before pursuing his legal remedies with respect

25 to the additional claims. Nevertheless as set forth above, Petitioner delayed almost one year before

26 pursuing his remedies in state court and then another 9 months before coming to federal court.

27 Petitioner makes no showing why these time periods should be excused. Under these circumstances,

28 Petitioner is not entitled to equitable tolling.

U.S. District Court
E. D. California          cd                                    2

1  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de*

2  *novo* review of the case.  Having carefully reviewed the entire file and having considered the

3  objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is

4  supported by the record and proper analysis, and there is no need to modify the Findings and

5  Recommendations based on the points raised in the objections.

6  Accordingly, IT IS HEREBY ORDERED that:

7  1. The Findings and Recommendation issued August 28, 2007, is ADOPTED IN FULL;

8  2. The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE; and

9  3. The Clerk of Court is DIRECTED to enter judgment.

10

11  IT IS SO ORDERED.

12  **Dated:    October 2, 2007**                              **/s/ Anthony W. Ishii**
                                                       UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court
E. D. California        cd                                      3